# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TRACY PECK,
    Petitioner,

vs.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-393

Barrett, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 6), respondent's motion to dismiss (Doc. 15), and respondent's supplemental memorandum supporting the motion to dismiss (Doc. 16), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On July 27, 2007, petitioner entered negotiated pleas of guilty to one count of trafficking in drugs, a felony of the third degree, and one count of trafficking in drugs, a felony of the first degree. (Doc. 15, Exhs. 3, 4). The parties jointly recommended a total prison term of ten years, six years of which would be mandatory, that the trial judge accepted and imposed. (Doc. 15, Exhs. 5, 6; Doc. 16, transcript at 5). The trial judge noted on the record at the sentencing hearing that as part of the plea agreement all parties would be "waiving their right to appeal" and "there will be no appeal." (Doc. 16, transcript at 5, 6).

### First Delayed Direct Appeal

On January 28, 2008, petitioner, proceeding pro se, filed a motion for delayed appeal in the Fourth District Court of Appeals, Scioto County, Ohio. (Doc. 15, Exh. 7). On February 19, 2008, the Ohio Court of Appeals denied petitioner's motion. (Doc. 15, Exh. 8). The Court of Appeals determined that petitioner failed to set forth a sufficient reason for his untimely appeal and to file a notice of appeal that complied with Ohio App. R. 5(A)(2). *Id.*

Petitioner failed to file a timely appeal to the Ohio Supreme Court.

### Second Delayed Direct Appeal

On March 12, 2008, petitioner filed a second motion for delayed appeal in the Ohio Court of Appeals. (Doc. 15, Exh. 12). On March 26, 2008, the state appellate court denied the motion finding that *res judicata* barred his successive motion. (Doc. 15, Exh. 13). Additionally, the Ohio Court of Appeals determined that petitioner failed to offer a reasonable explanation for his failure to perfect a timely appeal. *Id.*

Petitioner failed to file a timely appeal to the Ohio Supreme Court.

### Delayed Appeal in Ohio Supreme Court

On May 16, 2008, petitioner filed a notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio purporting to appeal both decisions of the state appellate court. (Doc. 15, Exhs. 9, 10). On July 9, 2008, the Ohio Supreme Court denied petitioner's motion for a delayed appeal and dismissed the case. (Doc. 15, Exh. 11).

### Federal Habeas Corpus

On March 20, 2009, petitioner filed a pro se petition for a writ of habeas corpus. (Doc.

6).[1] The petition sets forth four grounds for relief:

**GROUND ONE:** Denial of due process-right to appeal.

**Supporting Facts:** The trial court failed to advise the appellant of his right to appeal his sentence pursuant to Criminal Rule 32 et. seq., and failed to inform him of his right to counsel to be appointed for appellate purposes if he could not afford counsel. The trial court failed to inform appellant of any of his rights under Criminal Rule 32, and then the appellate court would not allow the appellant his right to appeal his sentence after demonstrating that the trial court failed to advise the appellant of his right to appeal.

**GROUND TWO:** Ineffective assistance of trial counsel.

**Supporting Facts:** The defendant-appellant was denied effective assistance of counsel when trial counsel did not appeal the sentence imposed upon the appellant when the trial court did not notify the appellant of his right to appeal, and to be represented by counsel on appeal if he could not afford counsel and all other advisements under criminal Rule 32 et. seq. Also, due to trial counsel's erroneous advice the appellant would not have pled guilty.

**GROUND THREE:** Trial court breached the plea agreement/contract agreement that the defendant and State of Ohio entered into before sentencing that was agreed to by the trial court, violation of due process rights.

**Supporting Facts:** The defendant-appellant and the State of Ohio entered into a plea bargain agreement that the trial court accepted and then breached at sentencing by sentencing the defendant-appellant to a sentence not agreed upon by the parties involved.

**GROUND FOUR:** The trial court violated the defendant's due process rights ex post fact clause of the United States Constitution.

**Supporting Facts:** When the Ohio Supreme Court applied *State v. Foster*, supra, to Ohio's sentencing statutes thereby severing certain sentencing statutes in accordance with the provisions of *Blakely v. Washington*, supra, precluding the trial court from making findings of fact that increase a defendant's sentence beyond that authorized by the statutory maximum allowed by law, when a jury is required to make findings beyond a reasonable doubt, or admitted, or contained

---

[1] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on March 20, 2009, when petitioner certified he placed his petition in the prison mail system. (Doc. 6 at 15).

within the indictment. Ohio has effectively removed the protections allowed criminal defendants by severing the above mentioned statutes, thereby increasing the defendant's sentence by judicial ex post facto ruling, thus causing a due process violation.

(Doc. 3).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent contends that the petition is untimely and barred by the statute of limitations and, in any event, procedurally defaulted and waived. For the reasons that follow, the Court concludes that the petition is time-barred. Therefore, the Court declines to reach whether the petition is waived by procedural default.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other

4

collateral review.

In this case, Grounds One through Four of the petition challenge the actions of trial counsel and the trial judge at sentencing. Because petitioner was aware of the facts underlying his claims at the time of sentencing, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."[2]

Under § 2244(d)(1)(A), petitioner's conviction became "final" on August 27, 2007,[3] upon expiration of the 30-day period for filing an appeal to the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on August 28, 2007, and expired one year later on August 28, 2008, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner filed his first motion for delayed appeal on January 28, 2008. At this point, the

---

[2]Petitioner has not argued for an alternate commencement date for the statute of limitations under Section 2244(d)(1)(B), (C), or (D), nor does the Court perceive any justification for a later start date.

[3]Since the 30-day period for filing a direct appeal expired on Sunday, August 26, 2007, petitioner had until the following business day, Monday, August 27, 2007, to file his notice of appeal. *See* Fed. R. Civ. P. 6.

statute of limitations had run for 153 days. The motion for delayed appeal tolled the running of the statute until February 19, 2008, when the Ohio Court of Appeals denied the motion for delayed appeal. *See* Section 2244(d)(2). The statute of limitations resumed running the following day, on February 20, 2008, and was again tolled by the filing of petitioner's second motion for delayed appeal on March 12, 2008. (Doc. 15, Exh. 12). At this point, the statute had run for an additional 21 days for a total of 174 days (153 days plus 21 days). On March 26, 2008, the Ohio Court of Appeals denied the second motion for delayed appeal. The statute resumed running the following day, March 27, 2008.

The statute of limitations was against tolled from May 16, 2008, when petitioner filed a motion for delayed appeal in the Supreme Court of Ohio, until July 9, 2008, when the Supreme Court of Ohio denied leave to appeal.[4] At this point, the statute of limitations had run for an additional 50 days, for a total of 224 days (174 days plus 50 days). Thus, there were 141 days remaining before the statute of limitations finally expired on November 28, 2008.

Petitioner's habeas corpus petition was filed on March 20, 2009 and was therefore filed 112 days too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *see Holland v. Florida*, __ S.Ct. __, 2010 WL 2346549, at *9 (2010); *Sherwood v. Prelesnik*, 579

---

[4] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Prior to the Supreme Court's decision in *Lawrence*, the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence*, 549 U.S. 327. After *Lawrence*, however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

F.3d 581, 587-88 (6th Cir. 2009); *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 2010 WL 2346549, at *12 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (internal quotation marks omitted).

Equitable tolling decisions are made on a case-by-case basis. *Sherwood*, 579 F.3d at 588; *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). In determining whether equitable tolling is appropriate, the Court examines five non-exclusive factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood*, 579 F.3d at 588; *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). These five factors are neither comprehensive nor relevant in all cases. *Sherwood*, 579 F.3d at 588. The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id. See also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003). Petitioner bears the burden of showing he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case. Petitioner

has made no attempt to apply the five *Sherwood/Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 15) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/20/10

Timothy S. Hogan
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY PECK,
    Petitioner,

vs.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-393

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within 14 DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within 14 DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Tracy Peek #557-020<br>Mansfield Corr. Inst.<br>PO Box 788<br>Mansfield, OH 44901 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 8534 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:09cv393 (Doc. 17)